IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND C. KELLEY,

                                                                    ORDER

                Petitioner,

                                                           08-cv-535-slc

      v.

WILLIAM POLLARD, Warden, in
his individual capacity; MICHAEL BAENEN,
Deputy Warden, in his individual capacity;
PETER ERICKSEN, Security Director,
in his individual capacity; SARAH COOPER,
Segregation Programs Supervisor, in her individual capacity;
WILLIE SWIEKATOWSKI, Segregation
Security Supervisor, in his individual capacity;
DR. MALEAH CUMMINGS, Segregation
Psychologist, in her individual capacity;
STEVEN SCHMIDT, Psychological Services
Unit Supervisor, in his individual capacity;
MICHAEL MOHR, Inmate Complaint
Examiner, in his individual capacity; RICK RAEMISCH,
Secretary of Wisconsin Dept. of Corrections,
in his individual and official capacity;
MARK ZIMONICK, Segregation Social Worker,
in his individual capacity; WISCONSIN DEPT OF
CORRECTIONS, in their official capacities ;
MULTI-DISCIPLINARY SEGREGATION REVIEW
TEAM, in their official capacities,

                              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

In this civil action for injunctive and monetary relief brought under 42 U.S.C. 1983, petitioner Raymond Kelly alleges that various respondents violated his constitutional rights under the Eighth Amendment and the Fourteenth Amendment by denying him treatment for his mental illness, denying him due process before placing him in a modified behavior program and subjecting him to ongoing unsanitary conditions. Petitioner asks for leave to proceed in forma pauperis and has made his initial partial payment as required under 28 U.S.C. § 1915(b)(1). Also, petitioner has requested the court to appoint counsel and enter a preliminary injunction against the respondents.

Because petitioner is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and deny petitioner's request for leave to proceed if he has had

2

three or more lawsuits or appeals dismissed for lack of legal merit or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2).

Before I consider the merits of petitioner's complaint, I must address the deficiencies in his complaint. Petitioner's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure because he has failed to provide a statement showing why he entitled to relief. Petitioner's complaint contains a long list of alleged deprivations and violation of his rights but fails to properly connect specific respondents with specific actions. Because the complaint paints a rather cluttered and confusing picture of petitioner's allegations, the complaint fails to give the parties sufficient notice of the individual claims against them so that they can prepare a defense. Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007).

In his complaint, petitioner alleges violations of his constitutional rights because his medical needs were neglected, a denial of due process prior to a change in his conditions of confinement and the denial of the life's basic necessities. But petitioner fails to address which parties named in his complaint were responsible for the different claims. For example, petitioner alleges that he was denied due process when he was placed on the Behavior Management Plan, but he fails to suggest who was involved in transferring him into Behavior

3

Management and what, if any, procedures or notice he received prior to the transfer. It is unclear from petitioner's allegation whether he was denied some or all forms of process before his transfer.

Also, petitioner alleges that respondents neglected his mental health problems and denied him basic hygiene items, but does not clearly identify who failed to attend to his medical needs or who denied him the basic hygiene items. To comply with the requirements of Rule 8, petitioner must identify the names of the individuals who caused or knowingly directed the alleged violations against him. If petitioner wishes to sue parties whose names are unknown to him, he should identify which claims include unnamed respondents, what their involvement in the alleged violation was and how many unnamed respondents there are. Petitioner should treat the unnamed respondents the same as the named ones, with the exception that he should refer to the unnamed respondents as "John Doe" or "Jane Doe." In addition, in identifying any complaints he made about his care or the conditions of his cell, petitioner should make it clear to whom he made these complaints and what response he received to his complaints.

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. However, petitioner may file an amended complaint in which he addresses these problems. In order to fix his complaint, petitioner should make sure to focus on demonstrating:

4

- who was responsible for the violation of his rights;
- when the acts constituting the violation occurred;
- what each individual did to violate his rights;
- how he was injured by these violations; and
- where the violations occurred.

Although petitioner has suggested some of these things in his complaint, he has failed to draw connections between the violations and the individual committing the violations.

When drafting his amended complaint, petitioner should also be aware of the limitation on joining parties to a single action and bringing of multiple claims. Under Rule 20, the joinder of multiple defendants in a single action is proper when the relief sought against the parties "arise[s] out of the same transaction, occurrence or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In other words, parties can be joined if each individual member participated in the alleged violation. In addition, under Rule 18, a petitioner may join multiple claims in a single action if they are asserted against the same defendants. George v. Smith, 507 F.3d 605 (7th Cir. 2007). Therefore, if one individual is responsible for denying petitioner medical care and a separate individual caused petitioner a denial of basic human necessities, such as extended deprivation of food or excessive exposure to unsanitary conditions, then neither of these claims can be brought in the same suit. But if

5

multiple individuals engaged in denying petitioner treatment for his medical needs as part of the same incident or series of incidents, then all these individuals can be sued in the same case.

If petitioner does not file an amended complaint, this case will be dismissed for petitioner's failure to prosecute. Petitioner will still be obligated to pay the unpaid balance of his filing fee in monthly payments.

Next, petitioner has asked this court to appoint counsel. This motion will be dismissed without prejudice because the court cannot consider this motion until after petitioner's complaint is properly screened. Once the complaint has been screened, petitioner can request the court to appoint counsel but he must first make a reasonable effort to find a lawyer. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).

Finally, petitioner requests a preliminary injunction against respondents requiring them to show cause why he should be kept in the Behavior Management Plan. Because petitioner's present motion is not accompanied by proposed findings of fact as required by this court's procedures, I will dismiss the motion without prejudice. When petitioner has properly amended his complaint, he may file a new motion for a preliminary injunction. Petitioner recognizes that this court has particular procedures that he must follow and requests instruction on how to properly file a motion for preliminary injunction. I will attach to this order the procedures petitioner must follow. Petitioner should be advised that

6

his motion must be supported by evidence proving entitlement to such relief. In particular, petitioner must show (1) he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) the irreparable harm he would suffer outweighs the irreparable harm respondents would suffer from an injunction; (3) he has some likelihood of success on the merits; and (4) the injunction will not frustrate the public interest. <u>Palmer v. City of Chicago</u>, 755 F.2d 560, 576 (7th Cir. 1985).

ORDER

IT IS ORDERED that

1. Petitioner's complaint is DISMISSED for his failure to comply with Fed. Civ. R. P. 8. Petitioner may have until October 20, 2008, in which to file an amended complaint that addresses the defects in his original complaint. If petitioner fails to file an amended complaint by October 20, 2008, I will dismiss this case for petitioner's failure to prosecute.

2. Petitioner's motion for appointment of counsel is DISMISSED without prejudice.

7

3. Petitioner's motion for a preliminary injunction is DISMISSED without prejudice. I have attached to this order the court's procedures for filing a motion for a preliminary injunction.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

> *NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

## I. NOTICE

A. It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B. The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

## II. MOVANT'S OBLIGATIONS

A. It is the movant's obligation to establish the factual basis for a grant of relief.

 1. In establishing the factual basis necessary for a grant of the motion, the movant may file and serve:

    (a) A stipulation of those facts to which the parties agree;

    (b) A statement of record facts proposed by the movant;

    (c) A statement of those facts movant intends to prove at an evidentiary hearing; or

    (d) Any combination of (a), (b) and (c).

 2. Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the

9

(a) The movant must set forth each factual proposition in its own separately numbered paragraph.

(b) In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B. The movant must file and serve a statement of the movant's proposed conclusions of law, each set forth in its own separately numbered paragraph.

C. The movant must file and serve all materials specified in II. A and II. B with the movant's supporting brief.

D. If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A. When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

1. Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

2. A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

(a) With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent

---

parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

10

> shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.
>
> (b) For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

3. A response to the movant's proposed conclusions of law, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

> (a) With respect to each of the movant's proposed conclusions, the respondent shall state clearly whether this conclusion is not disputed, disputed, or disputed in part. If the disputed in part, then the response shall state precisely which portion of the proposed conclusion is disputed and why.
>
> (b) If a respondent believes that the motion for injunctive relief must fail because of conclusions of law not stated by movant, then the respondent must set forth all such conclusions of law, with each new proposed conclusion of law set forth in a separately numbered paragraph.

B. The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief not later than seven calendar days after movant has served the motion and supporting papers on the respondent.

C. There shall be no reply by the movant.

## IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly. It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

3