IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND C. KELLEY,

                                ORDER

            Plaintiff,

                              08-cv-535-slc[1]

    v.

PETER ERICKSEN, SARAH COOPER,
LT. WILLIAM SWIEKATOWSKI, DR.
MALEAH CUMMINGS, MARK ZIMONICK
and DR. McQUEENY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding on his claims that defendants Peter Ericksen, Sarah Cooper, William Swiekatowski and Maleah Cummings violated his right to due process under the Fourteenth Amendment when they failed to give him notice or a hearing before placing him in a behavior modification program; defendants Peter Ericksen, Sarah Cooper, William Swiekatowski, Maleah Cummings and Mark Zimonick violated his Eighth Amendment

---

[1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

rights by being deliberately indifferent to unsanitary conditions of confinement; and defendants Maleah Cummings and Dr. McQueeny violated his Eighth Amendment rights by being deliberately indifferent to his serious mental health needs.

Now before the court is defendants' motion to dismiss plaintiff's complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Also, plaintiff has submitted a letter to the court dated December 18, 2008, that I construe as containing motions for (1) an extension of time to file his brief in opposition to defendant's motion to dismiss, which was due January 2, 2009; (2) appointment of counsel; and (3) a telephone conference so he can discuss these and other issues.

Under 28 U.S.C. § 1391(b), a civil rights action "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  Defendants contend that venue is improper in the Western District of Wisconsin because the claim arose at the Green Bay Correctional Institution, which is located in the Eastern District of Wisconsin, and because none of the individual defendants live in the Western District of Wisconsin. Defendants' attached affidavits indicate that each resides in the Eastern District

2

of Wisconsin.  Instead of filing a brief opposing defendants' motion, plaintiff has filed a motion for an extension of time to file his brief, arguing that he cannot currently complete his brief because he is unable to access hard copies of legal research materials, he is unfamiliar with performing legal research on the computer that is provided, and in any case he would prefer an attorney help him.  I will deny both of these motions because I conclude it is proper to transfer the case rather than dismissing it.

28 U.S.C. § 1406(a) authorizes a federal court in which venue is improper to transfer a case to another court where venue is proper if the transfer would further the interests of justice.  Particularly when a plaintiff is proceeding pro se, transfer to a district court in which venue is proper is in the interest of justice.  This is especially so in the present case, where plaintiff's amended complaint included defendants who appear to reside in the Western District of Wisconsin, thus initially making it seem that venue was proper in this court.  Now the parties seem to agree that the proper venue is the Eastern District of Wisconsin because it is where the defendants against whom plaintiff was granted leave to proceed reside and where the cause of action arose.  From plaintiff's December 18, 2008 letter, it appears that he agrees the case should be moved to the Eastern District.  Therefore this case will be transferred to the Eastern District of Wisconsin.

As for plaintiff's motion for appointment of counsel, I will leave that motion to be decided by the judge assigned to the case once it is transferred to the Eastern District.

3

Plaintiff's motion for a telephone conference will be denied as unnecessary.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiff's complaint for improper venue is DENIED.

2. Plaintiff's motion for an extension of time to file his brief in opposition to defendant's motion to dismiss is DENIED.

3. Plaintiff's motion for a telephone conference is DENIED.

4. This case is transferred to the United States District Court for the Eastern District of Wisconsin. The clerk of court is directed to transmit the file to the United States District Court for the Eastern District of Wisconsin.

Entered this 21st day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4